**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arthur Nathaniel YOUNG,
Defendant-Appellant.**

No. 83–1625.

United States Court of Appeals,
Fifth Circuit.

April 5, 1984.

_____

Stan McMurry, Dallas, Tex., (Court-Appointed), for defendant-appellant.

Harry Koch, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before WISDOM, REAVLEY and HIGGINBOTHAM, Circuit Judges.

WISDOM, Circuit Judge:

The defendant asks this Court to reverse his conviction under the second count of his indictment because of a discrepancy between (1) the language of the indictment, and (2) the evidence presented at trial and the language of the trial court's instructions to the jury. We must determine whether this discrepancy constitutes a constructive amendment of the indictment, in which case reversal is required, or whether it constitutes a variance between proof and indictment, in which case reversal is warranted only if the discrepancy has prejudiced the substantial rights of the defendant. We find that the discrepancy in this case between proof and indictment constitutes a variance, that the variance did not prejudice the defendant, and that the conviction must therefore be affirmed.

## I.

The second count of the defendant's indictment [1] charged the defendant with violating 18 U.S.C.A. § 922(h)(1) (1976), which states:

"It shall be unlawful for any person—

"(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

" . . .

"to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Count II of the indictment specified that the defendant, a convicted felon,[2] violated section 922(h)(1) by receiving a firearm "which had been shipped and transported in interstate commerce".

At trial, the government presented evidence that the defendant had pawned and redeemed a pistol in a pawn shop in Texas.

A government expert testified that the gun in question, stamped "St. Etteinne", had been manufactured in France for the French military. Because Texas is a port state, it is possible that the pistol was shipped directly from France to Texas. After the government rested, the defendant moved for a judgment of acquittal. The grounds for the motion were, first, that the evidence was insufficient to convict the defendant under Count I of the indictment, and second, that the government had failed to prove that the gun had moved in interstate commerce, as alleged in the second count of the indictment. The court denied this motion, and the defense then rested without having presented any evidence. After the close of the evidence (which took place immediately after the defense rested), the defendant renewed his motion for a judgment of acquittal. The court then took the motion under advisement and, ultimately, denied the motion.

The trial court rejected the defendant's requested jury instruction concerning the second count of the indictment. This instruction distinguished interstate commerce from foreign commerce and would have required the jury, before it could convict the defendant, to find that the weapon had moved from one state of the United States to another state. The judge's instructions to the jury did not distinguish between interstate commerce and foreign commerce, but rather instructed the jury that "[t]he term 'interstate or foreign commerce' includes commerce between any place in a State and any place outside of that State, or within any possession of the United States". The defendant offered a timely objection to this charge, but the charge was given over that objection.

The jury returned guilty verdicts on the two counts of the indictment. The district court entered judgment on both verdicts and sentenced the defendant to two years of imprisonment under Count I of the in-

---

**1.** Count I of the indictment charged the defendant with violating 18 U.S.C.A. §§ 922(a)(6), 924(a) (1976) by making a false statement in connection with the acquisition of a firearm.

No complaint is made on this appeal concerning the conviction of the first count.

**2.** At trial, the parties stipulated that the defendant is a convicted felon.

dictment. For his conviction under Count II, the defendant received a suspended sentence and was placed on probation for a period of three years.

On appeal, the defendant argues that the trial court committed reversible error by denying the motion for a judgment of acquittal, by rejecting the defendant's requested charge, and by using the charge quoted above. All three alleged errors thus turn on one issue—the effect of the difference between (1) the language of the indictment, and (2) the evidence and the language of the jury's instructions.

## II.

■ It is a long-established principle of our criminal justice system that, after an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself. *See Ex parte Bain,* 1887, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849. In *Stirone v. United States,* 1960, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252, a leading case, the Supreme Court recognized that a trial court's amendment of the indictment need not be explicit to constitute reversible error, but that it may be implicit or constructive. *Stirone* involved a conviction under the Hobbs Act, 18 U.S.C.A. § 1951 (1970). The indictment charged the defendant with obstructing the interstate movement of sand brought into Pennsylvania. The trial judge allowed the defendant's guilt to be based upon a finding that the defendant had interfered with the shipment of steel from Pennsylvania to other states. Stating that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him", 361 U.S. at 217, 80 S.Ct. at 273, the Supreme Court overturned the conviction:

> "While there was a variance in the sense of a variation between pleading and proof, that variation here destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury.... [W]hen only one particular kind of commerce is charged to have been burdened a conviction must rest on that charge and

not another, even though it be assumed that under an indictment drawn in general terms a conviction might rest upon a showing that commerce of one kind or another had been burdened."

*Id.* at 217–18, 80 S.Ct. at 273–74.

■ *Stirone* requires that courts distinguish between constructive amendments of the indictment, which are reversible *per se,* and variances between indictment and proof, which are evaluated under the harmless error doctrine. The accepted test is that a constructive amendment of the indictment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged. *See United States v. Salinas* (Salinas II), 5 Cir.1981, 654 F.2d 319, 324, *overruled in part en banc on other grounds, United States v. Adamson,* 5 Cir.1983, 700 F.2d 953, 965 n. 18; *United States v. Ylda,* 5 Cir.1981 (per curiam), 653 F.2d 912, 914; *United States v. Salinas* (Salinas I), 5 Cir.1979, 601 F.2d 1279, 1282; *United States v. New Buffalo Amusement Corp.,* 2 Cir.1979, 600 F.2d 368, 381 (Oakes, J., concurring); *United States v. Crocker,* 3 Cir.1977, 568 F.2d 1049, 1059–60. In such cases, reversal is automatic, because the defendant may have been convicted on a ground not charged in the indictment. *See Stirone,* 361 U.S. at 217, 219, 80 S.Ct. at 273, 274; *Ylda,* 653 F.2d at 914; *Salinas I,* 601 F.2d at 1290. If, on the other hand, the variation between proof and indictment does not effectively modify an essential element of the offense charged, "the trial court's refusal to restrict the jury charge to the words of the indictment is merely another of the flaws in trial that mar its perfection but do not prejudice the defendant". *Ylda,* 653 F.2d at 914 (footnote omitted).

## A.

In *Stirone,* a constructive amendment of the indictment occurred at trial, for the conviction rested upon a set of facts distinctly different from that set forth in the indictment. *See Jackson v. United States,* D.C.Cir.1966, 359 F.2d 260, 263, *cert. de-*

*nied,* 385 U.S. 877, 87 S.Ct. 157, 17 L.Ed.2d 104. *Salinas II,* 654 F.2d 319, involved a similar situation. In that case, the defendant was indicted for aiding and abetting a Mr. Woodul in the latter's misapplication of bank funds. The proof at trial showed that another bank officer had approved the improper loan in question and that Woodul had had nothing to do with the loan. The trial court charged that the jury could convict the defendant on finding that the defendant had aided and abetted any officer, director, or employee of the bank. The Court of Appeals found that this instruction constituted an amendment of the indictment, not a simple variance, and therefore reversed the conviction. *Id.* at 324; *see also United States v. New Buffalo Amusement Corp.,* 2 Cir.1979, 600 F.2d 368, 381 (Oakes, J., concurring).

Unlike these cases, the case before us involves a single set of facts. Mr. Young was not indicted for receiving one particular firearm and then convicted for receiving another. The factual basis for the indictment is identical to that for the conviction. Hence it is *not* possible that the defendant has been convicted for an offense not charged in the indictment. *Stirone* and *Salinas II* are not applicable.

■ There is another line of cases more directly relevant. As noted above, a constructive amendment of an indictment occurs when an essential element of the offense is effectively modified during trial. The particular predicate for jurisdiction is an essential element of any federal offense. *United States v. McRary,* 5 Cir.1982, 665 F.2d 674, 678–79, *cert. denied,* 456 U.S. 1011, 102 S.Ct. 2306, 73 L.Ed.2d 1307. Therefore, if a federal offense may be predicated upon alternative bases of jurisdiction, a defendant's conviction cannot rest upon a basis of jurisdiction different from that charged in the indictment. *See id.* at 679; *United States v. Fitzpatrick,* 5 Cir.1978 (per curiam), 581 F.2d 1221, 1222–23. The defendant argues that these cases compel a reversal of his conviction, because the jurisdictional basis for his indictment was interstate commerce while the jurisdictional basis for his conviction was foreign commerce.

■ *McRary* and *Fitzpatrick* do not help the defendant. In both of those cases, the offense charged provided alternative bases for federal jurisdiction. *See* 18 U.S.C.A. § 1201(a) (1983) (the statute involved in *McRary*); *id.* § 2113(g) (1970) (the statute involved in *Fitzpatrick*). As used in 18 U.S.C.A. § 922(h) (1976), however, "interstate or foreign commerce" is a single, unitary concept. Section 921 provides the applicable definition:

> "The term 'interstate or foreign commerce' includes commerce between any place in a State and any place outside of that State, ... but such term does not include commerce between places within the same State but through any place outside of that State."

*Id.* § 921(a)(2). The statute places "interstate or foreign commerce" within quotation marks and refers to the expression in the singular—"[t]he term". More importantly, the definition is a unitary one. It does not differentiate between interstate commerce and foreign commerce, but simply expresses a notion of commerce between any place within a state and any place outside of that state.[3] Because the expression represents a unitary concept, this case does not present a situation in which one jurisdictional basis has been alleged in the indictment and another used as

---

**3.** The Court followed similar reasoning in *McRary.* In that case, the predecessor statute had defined "the term 'interstate or foreign commerce' " in a manner similar to the definition in § 921. *See* Act of June 22, 1932, ch. 271, 47 Stat. 326. Interpreting that definition, the Court stated:

> "It is obvious that Congress meant both interstate and foreign commerce to include transportation from one state to another state

or foreign country. The word 'commerce' is consistently preceded in the statute by 'interstate or foreign' without any hint that 'commerce' should have separate meanings for each."

665 F.2d at 678 (footnote omitted); *see also United States v. Wilson,* 5 Cir.1978, 569 F.2d 392, 397, which implicitly treats the term "interstate or foreign commerce", as used in § 922, as a unitary concept.

the predicate for conviction. Therefore, we conclude that the difference between the language of Mr. Young's indictment and the evidence adduced at trial does not constitute a constructive amendment of the indictment.

### B.

■ Because the error of which the defendant complains is a variance rather than a constructive amendment, we must determine whether the variance prejudiced the substantial rights of the defendant. The Supreme Court has set out the structure of our analysis on this issue:

> "The true inquiry ... is not whether there has been a variance of proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be able to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense."

*Berger v. United States,* 1935, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314; *accord United States v. Young Brothers, Inc.,* 5 Cir.1984, 728 F.2d 682 at 693.

In the present case, the defense counsel received the government's complete investigatory report long before the trial commenced. The defendant never filed a motion for a continuance on the ground of surprise, nor did the defendant request any bill of particulars clarifying the indictment. It is fair to infer that the defense strategy all along was to seek an acquittal based on the discrepancy between the indictment and the evidence. The defendant thus cannot claim any prejudicial lack of notice. Further, because we have held that "interstate or foreign commerce" (as used in section 922) is a unitary concept, the defendant does not face any risk of a later prosecution for the same act should the government uncover evidence of interstate movement of the weapon involved in this case. In short, the difference between the indictment and the proof has not worked any prejudice to the substantial rights of the defendant.

### III.

The defendant was not convicted on a set of facts different from that charged in the indictment, nor was the jurisdictional basis of his conviction different from that alleged in the indictment. The difference between indictment and proof in this case is therefore a variance, not a constructive amendment of the indictment. Because the variance did not prejudice the defendant, it is not reversible error.

We AFFIRM the conviction of the defendant.