**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mary Catherine MIZE, Defendant-Appellant.**

**No. 84–2397**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 20, 1985.

Buddy Stevens, Angleton, Tex., Mark Stevens, San Antonio, Tex., for defendant-appellant.

Daniel K. Hedges, U.S. Atty., Houston, Tex., James R. Gough, Andrea J. Larry, Asst. U.S. Attys., for plaintiff-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

GEE, Circuit Judge:

Mary Catherine Mize appeals from a jury verdict finding her guilty on all counts of a ten-count indictment charging her with misapplying and embezzling bank funds and making false bank entries. Because the government failed to prove that the defrauded bank was a "member bank of the Federal Reserve System," as specifically alleged in each count of the indictment, and the district court erroneously instructed the jury on this issue, we must reverse Mize's conviction, subject to reindictment and retrial.

## I.

In March 1984 a grand jury returned an indictment against Mize charging her with seven counts of embezzlement and misapplication of bank funds in violation of 18 U.S.C. § 656 [1] and three counts of making

---

1. 18 U.S.C. § 656 provides in pertinent part: Whoever, being an officer, director, agent or employee of or connected in any capacity with any Federal Reserve bank, member bank, national bank or insured bank, or a receiver of a national bank, or any agent or employee of the receiver, or a Federal Reserve Agent, or an agent or employee of a Federal Reserve Agent or of the Board of Governors of the Federal Reserve System, embezzles, obstructs, purloins or wilfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities entrusted to the custody or care of

false bank entries in violation of 18 U.S.C. § 1005.[2] The indictment charged that Mize, in her capacity as head teller at the Angleton Bank of Commerce (the "Bank"), made an unauthorized withdrawal from the savings account of one customer, wrote bogus checks to a fictitious payee on the checking account of another customer, and misappropriated numerous deposits of a third customer. The jury found Mize guilty on all ten counts, and the district court sentenced Mize to five years imprisonment followed by five years probation.

Each count of the indictment specifically alleged that the Bank was a "member bank of the Federal Reserve System." The government, however, did not prove this allegation. Instead, the government established that the Bank was insured by the Federal Deposit Insurance Corporation (FDIC). After the government's case-in-chief, Mize unsuccessfully moved for a judgment of acquittal. Her motion did not refer to any discrepancy between the indictment's reference to "member bank" and the government's proof of "insured bank." At the close of all the evidence, the district court instructed the jury that it should return a guilty verdict if, in addition to all other elements of the offenses, it found that the Bank was a § 1005 "insured bank, as charged" and a § 656 "national bank or an insured bank." Mize did not object to these instructions or renew her motion for a judgment of acquittal.

## II.

■ On appeal, Mize asks us to reverse her conviction because of the discrepancy between the language of the indictment and the evidence presented at trial

and the language of the district court's instructions to the jury. As a general rule, once an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself. *United States v. Young,* 730 F.2d 221, 223 (5th Cir.1984). Although Mize made no objection at trial to the court's jury instructions, we may review this issue on appeal under the plain error doctrine because erroneous instructions concerning the essential jurisdictional element of the crime charged affect substantial rights of the defendant. *United States v. Fitzpatrick,* 581 F.2d 1221, 1223 (5th Cir.1978). Following the dictates of *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), we must determine whether the discrepancy in this case constitutes a constructive amendment of the indictment, in which case reversal is required, or whether the discrepancy merely constitutes a variance between indictment and proof, in which case reversal is warranted only if the discrepancy has prejudiced substantial rights of Mize. *See Young,* 730 F.2d at 222. To resolve this question, we must determine whether the jury was permitted to convict the defendant on a factual basis that effectively modified an essential element of the offenses charged. If so, reversal is automatic because the defendant may have been convicted on a ground not charged in the indictment. *Id.* at 223; *United States v. Ylda,* 653 F.2d 912, 914 (5th Cir.1981).

■ Conviction under 18 U.S.C. §§ 656 and 1005 requires proof that the defrauded bank was "any Federal Reserve bank, member bank, national bank or insured bank." These statutes each define "mem-

such bank, or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $5000 or imprisoned not more than five years, or both....

2. 18 U.S.C. § 1005 provides in pertinent part: Whoever, being an officer, director, agent or employee of any Federal Reserve Bank, member bank, national bank or insured bank, without authority from the directors of such bank ... makes any false entry in any book, report, or statement of such bank with intent

to injure or defraud such bank, or any other company, body politic or corporate, or any individual person, or to deceive any officer of such bank, or the Comptroller of the Currency, or the Federal Deposit Insurance Corporation, or any agent or examiner appointed to examine the affairs of such bank, or the Board of Governors of the Federal Reserve System—shall be fined not more than $5000 or imprisoned not more than five years, or both....

ber bank,"[3] which the indictment specified, and "insured bank,"[4] which the government proved and concerning which the district court instructed the jury. The statutes' requirement of federally protected status for a bank serves a dual purpose, constituting both a jurisdictional predicate and an essential substantive element of the criminal offenses. *See Young*, 730 F.2d at 224; *United States v. Trevino*, 720 F.2d 395, 400–01 (5th Cir.1983); *United States v. McRary*, 665 F.2d 674, 678–79 (5th Cir.), *cert. denied*, 456 U.S. 1011, 102 S.Ct. 2306, 73 L.Ed.2d 1307 (1982); *United States v. Broome*, 628 F.2d 403, 405 (5th Cir.1980). As we stated in *Young:* "if a federal offense may be predicated upon alternative bases of jurisdiction, a defendant's conviction cannot rest upon a basis of jurisdiction different from that charged in the indictment." 730 F.2d at 224.

Applying these standards to the instant case, we conclude that we must reverse Mize's conviction. Unlike the "uni-tary" jurisdictional statute involved in *Young*,[5] the statutes involved in this case provide for two separately defined bases of jurisdiction: "member bank" status and "insured bank" status. Although the indictment alleged that the Bank was a "member bank," the government at trial proved only that the Bank was an "insured bank." Because of the language of the indictment, federal jurisdiction depended upon the government's establishing the Bank's status as a "member bank." *United States v. Fitzpatrick*, 581 F.2d 1221, 1223 (5th Cir.1978).[6] Furthermore, the district court's instruction to the jury constructively amended the indictment by ignoring the "member bank" jurisdictional basis the indictment contained and adding the "insured bank" basis of jurisdiction. The failure of the government to prove the essential jurisdictional element of the charges against Mize and the district court's constructive amendment of the in-

3. 18 U.S.C. § 656 defines "member bank" as: "any national bank, state bank, or bank and trust company which has become a member of one of the Federal Reserve banks." Section 1005's definition is substantially identical.

4. 18 U.S.C. § 656 defines "insured bank" as: "any bank, banking association, trust company, savings bank, or other banking institution, the deposits of which are insured by the Federal Deposit Insurance Corporation." Section 1005's definition is substantially identical.

5. In *Young* the defendant was charged with receiving a firearm that had been shipped and transported. The proof at trial, however, showed the possible use of "foreign commerce." Construing the use of the phrase "interstate or foreign commerce" in the applicable statute, 18 U.S.C. §§ 922(h)(1) and 921(a)(2), the court wrote:

> The statute places "interstate or foreign commerce" within quotation marks and refers to the expression in the singular—"[t]he term." More importantly, the definition is a unitary one. It does not differentiate between interstate commerce and foreign commerce, but simply expresses a notion of commerce between any place within a state and any place outside of that state.

730 F.2d at 224 (footnote omitted). *See also McRary*, 665 F.2d at 678.

6. The government argues, citing *United States v. Hand*, 497 F.2d 929, 934–35 (5th Cir.1974), *adhered to en banc*, 516 F.2d 472, 477 (5th Cir.

1975), *cert. denied*, 424 U.S. 953, 96 S.Ct. 1427, 47 L.Ed.2d 359 (1976), that its proof of the Bank's federally insured status satisfies the federal jurisdiction requirement here. We disagree. In *Hand*, the indictment charged the defendant under 18 U.S.C. § 657 with embezzling funds from a "Federal Credit Union," the "deposits of which Credit Union were then and there insured by the National Credit Union Administration." On appeal, the defendant raised for the first time the issue that the government had failed to prove the credit union was insured as charged in the indictment and argued that this failure required reversal of her conviction. We rejected this argument and affirmed the defendant's conviction, holding that the indictment's reference to insurance was surplusage when the credit union's very name sufficiently alleged federal incorporation, an alternative jurisdictional basis. "[A]n entity styled a 'Federal Credit Union' is at least very likely to be a federal credit union, whether or not realleged to be such in lower case." 497 F.2d at 935.

Neither in *Fitzpatrick* nor in this case, however, did the bank's title include "national" or "federal" to support inferentially an alternative basis of federal jurisdiction. This factual difference distinguishes *Hand* from the instant case. Furthermore, since *Hand*, we have addressed the issue involved here more directly in *Fitzpatrick*, *McRary*, and *Young*. *Hand* therefore cannot serve as a basis to affirm Mize's conviction.

dictment at trial require us to reverse Mize's conviction. *United States v. McRary*, 665 F.2d 674, 679 (5th Cir.), *cert. denied*, 456 U.S. 1011, 102 S.Ct. 2306, 73 L.Ed.2d 1307 (1982); *Fitzpatrick*, 581 F.2d at 1223. Like the *Fitzpatrick* court, however, we reach this result with great reluctance, for although Mize's guilt was established beyond a reasonable doubt, the inconvenience and expense of a retrial are now necessary.[7]

REVERSED.

---

**7.** Retrial of Mize is not prohibited by the double jeopardy clause of the Fifth Amendment because our reversal is not predicated on evidentiary sufficiency. *Burks v. United States*, 437 U.S. 1, 15–17, 98 S.Ct. 2141, 2149–50, 57 L.Ed.2d 1, 12–14 (1978); *Fitzpatrick*, 581 F.2d at 1224 n. 4.