**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony Alexander ALVAREZ,
Defendant–Appellant.**

**No. 90–50298.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 1991.*

Decided March 31, 1992.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); Circuit Rule 34–4.

Knut S. Johnson, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Larry A. Burns, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before: PREGERSON, HALL, and BRUNETTI, Circuit Judges.

PER CURIAM:

Anthony Alexander Alvarez ("Appellant") appeals from his conviction, follow-

ing a jury trial, for being a felon in possession of a firearm and being an armed career criminal, and from his sentence of imprisonment imposed pursuant to the Sentencing Guidelines. We affirm.

## I.

Appellant was arrested on April 6, 1989, following an altercation with the manager of the Sun Harbor Motel in San Diego, California, during which Appellant brandished and discharged a pistol. At trial a special agent for the Bureau of Alcohol, Tobacco, and Firearms testified that the pistol was an Astra Model 4000 Falcon, .32 caliber, semi-automatic pistol bearing the inscription "Garnika, Spain" on the top of the pistol. The pistol belonged to Appellant's stepfather, Robert Brueggeman, who testified that he purchased the firearm sometime during the 1970's and that he kept it in his residence in San Diego, California. Brueggeman identified the firearm and testified that he had reported to the police that Appellant had stolen the pistol on April 5. Prior to his April 6 arrest, Appellant had suffered at least fourteen (14) criminal convictions.

On June 22, 1989, Appellant was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and with being an armed career criminal, in violation of 18 U.S.C. § 924(e). Appellant filed pretrial motions which were heard and denied on September 25, 1989. Appellant's jury trial began on November 21, 1989, and a guilty verdict was returned that day. On April 30, 1990, Appellant was sentenced to a term of 360 months imprisonment.

We address each of Appellant's arguments in turn.

## II.

Appellant first contends that the district court erred in failing to grant his motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Appellant argues that the government failed to prove that the firearm possessed by Appellant traveled "in or affecting interstate commerce." [1]

18 U.S.C. § 922(g) provides in relevant part:

It shall be unlawful for any person—
(1) who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year;

> . . . . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Appellant argues that, because the indictment charged him with possession of a firearm "in and affecting *interstate* commerce," and because the government did not prove beyond a reasonable doubt that the firearm did travel in interstate commerce as opposed to foreign commerce, a judgment of acquittal should have been entered.

The government is, of course, required to prove beyond a reasonable doubt each element of a crime. *See Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). In a § 922(g) case, the government must prove that the firearm in question was possessed "in or affecting commerce." The government proved the Appellant's firearm was possessed "in or affecting commerce" through the testimony of its expert witness, Agent Robert Dwight Lowery ("Lowery") of the Bureau of Alcohol, Tobacco, and Firearms.

Lowery testified that, in his opinion, the firearm was manufactured in Spain, and had traveled in foreign and interstate commerce before entering California and coming into Appellant's possession. Appellant, however, claims that because California is a port state, the firearm could have come directly into California from Spain,

---

**1.** In reviewing the denial of a Rule 29 motion, we must view the evidence in the light most favorable to the government to determine whether there was substantial relevant evidence produced from which the jury could reasonably find each element of the crime beyond a reasonable doubt. *United States v. Sarault*, 840 F.2d 1479, 1487 (9th Cir.1988).

and would never have passed through interstate commerce.

The Fifth Circuit rejected an identical argument in *United States v. Young,* 730 F.2d 221 (5th Cir.1984). That circuit held that, although Texas is a port state and theoretically a firearm manufactured in France could have been shipped there directly, the term "interstate or foreign commerce" is a unitary one. *Id.* at 224. Therefore, the court reasoned, the fact that the indictment alleged only that the firearm "had been shipped and transported in *interstate* commerce," *id.* at 222 (emphasis added), did not "present a situation in which one jurisdictional basis has been alleged in the indictment and another used as the predicate for conviction." *Id.* at 224–25.

Our prior cases lead us to accept the Fifth Circuit's reasoning. In *United States v. Clawson,* 831 F.2d 909 (9th Cir. 1987), *cert. denied,* 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 322 (1988), we held that evidence that a firearm had been manufactured in Germany was sufficient to prove that the firearm had moved in interstate commerce. *Id.* at 913. Clawson had possessed the firearm in question in Oregon, which is also a port state, and the government presented expert testimony showing that the brand of gun possessed by Clawson was manufactured in Germany. No evidence of transport between any of the United States was presented. Under the holding of *Clawson,* evidence of the gun's foreign manufacture is sufficient to support a finding that the gun moved in interstate commerce. *Accord United States v. Wallace,* 889 F.2d 580, 583 (5th Cir.1989) (Section 922(g) reaches firearms that travel in interstate *or* foreign commerce), *cert. denied,* — U.S. ——, 110 S.Ct. 3243, 111 L.Ed.2d 753 (1990); *United States v. Gourley,* 835 F.2d 249, 251 (10th Cir.1987) (expert testimony that firearm was manufactured in Spain, and inscription "Made in Spain" on firearm were sufficient to defeat argument that government failed to prove nexus between defendant's possession and interstate commerce), *cert. denied,* 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988).

Further, we read the language of § 922(g) broadly, consistent with the intent of Congress. The legislative history of § 922(g) states that, under the statute, "Persons are now unqualified from receiving, possessing or transporting firearms in interstate or foreign commerce or firearms which have been shipped or transported in interstate or foreign commerce if they are or have been ... convicted of a felony...." H.R.Rep. No. 495, 99th Cong., 2d Sess., *reprinted in* 1986 U.S.Code Cong. & Admin.News 1327, 1349; *see also Scarborough v. United States,* 431 U.S. 563, 577, 97 S.Ct. 1963, 1970, 52 L.Ed.2d 582 (1977) (in forerunner statute to § 922(g), there was "no question that Congress intended no more than a minimal nexus requirement.").

■ Appellant also argues that his fifth and sixth amendment rights were violated because the use of the term "interstate commerce" in the indictment failed to give him notice of the charges against him, constructively amended the indictment, or created a fatal variance between the indictment and the crime proved by the evidence.

A constructive amendment of an indictment occurs when the evidence produced at trial supports a crime other than that charged in the indictment. *See United States v. Pisello,* 877 F.2d 762, 765 (9th Cir.1989). Because we have previously held that the "in and affecting commerce" language of § 922(g) is a unitary concept encompassing both interstate and foreign commerce, evidence that the firearm traveled in foreign commerce did not prove a different crime than the one charged in the indictment, and therefore there was no constructive amendment. *See Young,* 730 F.2d at 224–25.

■ A variance in proof occurs when "the charging terms of the indictment are left unchallenged, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir.1984) (quoting *United States v. Cusmano,* 659 F.2d 714, 718 (6th Cir.1981) and *Gaither v. United States,* 413 F.2d

1061, 1071 (D.C.Cir.1969)). A variance requires reversal only when the defendant was prejudiced thereby. *See Young,* 730 F.2d at 225. In this case, Appellant was not prejudiced by the variance in proof. The record indicates that Appellant was advised well before trial that the government would attempt to prove the in and affecting commerce element by showing that the firearm was manufactured in Spain. In fact, a crucial part of the Appellant's defense was based on the variance itself. Under these circumstances, we hold that any variance in proof was not prejudicial to Appellant. *See Young,* 730 F.2d at 225 (where court inferred that defense strategy was to seek an acquittal based on the discrepancy between the indictment and the evidence, defendant could not claim any prejudicial lack of notice).

The "in or affecting commerce" language of § 922(g) reflects a Congressional intent to cover both interstate and foreign commerce. The fact that the indictment referred specifically to interstate commerce had no effect on Appellant's constitutional rights. There was no constructive amendment of the indictment, and the variance was not prejudicial to Appellant. The district court did not err in denying Appellant's Rule 29 motion.

### III.

■ The firearm possessed by Appellant was inscribed with the words "Garnika, Spain." Appellant argues that it was error to admit the firearm into evidence and to permit the government to argue that the inscription indicated where the gun was manufactured, because the inscription constitutes hearsay.

In *United States v. Snow,* 517 F.2d 441 (9th Cir.1975), we held that a red tape imprinted with the defendant's name and affixed to a briefcase in which a gun was found was not hearsay, as the inscription did not constitute an assertion "from which the truth of the matter asserted is desired to be inferred," *id.* at 443 (quoting 1 Wigmore § 25 (3d ed. 1940)), but rather was a "mechanical trace" and a type of circumstantial evidence not excludable under the hearsay rule. *Id.* at 443–44. For the same reason, we believe that a similar inscription on the firearm itself does not constitute hearsay. An inscription placed on a firearm by the manufacturer is similarly a mechanical trace and not a statement for purposes of Federal Rule of Evidence 801(c).

Further, the Federal Rules of Evidence do not require extrinsic evidence of authenticity for inscriptions, signs, tags or labels which indicate workmanship, control or origin. Fed.R.Evid. 902(7). Thus, evidence consisting of a manufacturer's inscription on a firearm is not an assertion subject to the hearsay rule.

The district court did not abuse its discretion in admitting the firearm over Appellant's hearsay objection and in allowing the government to argue that the inscription on the gun indicated that it had been manufactured in Spain. *See United States v. Kirk,* 844 F.2d 660, 663 (9th Cir.) (standard of review), *cert. denied,* 488 U.S. 890, 109 S.Ct. 222, 102 L.Ed.2d 213 (1988).

### IV.

Appellant next argues that the district court erred in finding that Appellant was an armed career criminal under 18 U.S.C. § 924(e) (1988).[2] Appellant's argument has

---

2. In the case of a person who violates section 922(g) ... and has three previous convictions by any court referred to in section 922(g)(1) ... for a violent felony ... committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years. ...
   (2) As used in this subsection—
   (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a

firearm, knife or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
   (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
18 U.S.C. § 924(e) (1988).

four parts: (1) it was error to consider two of the prior convictions charged in the indictment; (2) it was error to consider prior convictions not charged in the indictment; (3) it was error to consider prior convictions that were more than fifteen years old; and (4) it was error to consider Appellant's prior conviction for unarmed robbery.

Appellant contends that his prior convictions for burglary committed on or about August 17, 1979, should not have been considered by the district court, because insufficient material was provided to prove that the crime met the requirements of a "generic" burglary; Appellant also contends that his conviction for grand theft of property and misdemeanor battery committed on or about September 30, 1979, should not have been considered because it was not a violent felony.

The Supreme Court has held that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990).

■ The Supreme Court has defined generic burglary as containing "*at least* the following elements: an unlawful or unprivileged entry into or remaining in a building *or other structure*, with intent to commit a crime." *Taylor*, 110 S.Ct. at 2158 (emphasis added). California Penal Code section 459 is more sweeping than the generic definition of burglary as enunciated by the Supreme Court. A conviction may be had even if the defendant entered a building or structure with the permission or consent of the owner, so long as the defendant had, at the time of entry, the intent to commit a crime. *See United States v. Bermudez*, 744 F.Supp. 217, 219–20 (C.D.Cal.1990).

The Supreme Court in *Taylor* held that, if the state statute is broader than the generic definition of burglary, a § 924(e) enhancement was appropriate if the charging paper and jury instructions required

the jury to find the elements of generic burglary. *Taylor*, 110 S.Ct. at 2160. In our circuit, we have held that these two particular items are not the only ones that can be used to show that burglary was proven. *See United States v. Sweeten*, 933 F.2d 765, 769–70 (9th Cir.1991) ("it is error for a district court, in attempting to determine whether a prior conviction satisfies the terms of section 924(e), to restrict its consideration to the original judgment of conviction and corresponding criminal statute if also presented with documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes"); *United States v. O'Neal*, 910 F.2d 663, 666 (9th Cir.1990) (indictment and judgment of conviction by guilty plea showed that defendant was convicted of "generic" burglary).

■ Appellant was charged in a one count information filed in San Diego superior court as follows: "on or about August 17, 1979, ANTHONY ALEXANDER ALVAREZ did *unlawfully enter a building with intent to commit theft,* in violation of Penal Code section 459." (emphasis added). The jury found Appellant "Guilty of the crime of Burglary, in violation of Penal Code section 459, *as charged in the Information....*" (emphasis added). Our review of the information and verdict in Appellant's burglary conviction indicates that Appellant's conviction was properly considered under § 924(e). We do not read *Taylor* to require the government to provide jury instructions or a transcript of the instructions, in a case where the criminal statute, the indictment or information, and the verdict clearly show that the prior conviction charged the defendant with a "generic" burglary. *See Sweeten,* 933 F.2d at 769–70.

With respect to Appellant's conviction for misdemeanor battery and felony grand theft, Appellant contends that grand theft is not a violent felony when it occurs in connection with a *misdemeanor* battery. We need not consider this argument for, even if the district court's consideration of the grand theft and battery conviction was

improper, any error was harmless. Because we hold elsewhere in this section that the other convictions can be used for enhancement, the district court did not need to consider the grand theft charge to reach the requisite three prior violent felonies.

■ Appellant next contends that the district court erred in considering three prior convictions not listed in the indictment, and for which the government did not file written notice of intention to use prior to trial. We have discovered no law that would require the government to charge all felonies which might be used to enhance a sentence under § 924(e)(1) in the indictment. To the contrary, at least one circuit has held that such a procedure could be prejudicial because the jury reads the indictment. *See United States v. Gregg,* 803 F.2d 568, 570 (10th Cir.1986), *cert. denied,* 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987).

■ We similarly find no support for the contention that the predicate felonies must be alleged in some formal notice pleading. Appellant was well aware that the government intended to seek a sentence enhancement under § 924(e). *See United States v. Gillies,* 851 F.2d 492, 496 (1st Cir.1988) (reference to "three prior felonies" in indictment provides sufficient notice to defendant that, if found guilty, his sentence will be enhanced under § 924(e)), *cert. denied,* 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988). Further, the government's response to Appellant's sentencing objections and memorandum clearly informed Appellant of the prior convictions which would be relied upon in seeking the sentence enhancement. Appellant was not prejudiced by the government's provision of this information well before the sentencing hearing.

■ Appellant further contends that it was error by the district court to consider convictions for felonies that were committed more than fifteen years before the instant offense. However, the Armed Career Criminal Act is a recidivist statute, and Appellant's interpretation would deny the obvious purpose behind it. The fourth and eleventh circuits have recently rejected arguments identical to Appellant's. *See United States v. Green,* 904 F.2d 654, 655 (11th Cir.1990) (all three prior convictions occurred more than fifteen years prior); *United States v. Crittendon,* 883 F.2d 326, 330–31 (4th Cir.1989). We accept the reasoning of *Green* and *Crittendon,* and reject Appellant's argument that a ten- or fifteen-year limit should be placed on a district court's consideration of prior predicate felony convictions.

■ Appellant's contention that the 1986 amendment to § 924(e)(2)(B) was intended "to eliminate any robbery without the actual use of a gun or other weapon from being a predicate violent felony under the Armed Career Criminal Act" is specious. The legislative history, as well as the very language of the statute, indicate that the goal of the amendment was to *broaden* the range of felonies which could be considered in applying the Career Criminal Act. Under our reading of the statute, the language "carrying of a firearm, knife or destructive device" modifies the reference to juvenile offenses *only.*[3] Appellant's convictions for unarmed robbery were correctly considered by the district court.

## V.

Finally, Appellant contends that the district court erroneously found him to be a career offender under the Sentencing Guidelines. *See* United States Sentencing Commission, *Guidelines Manual,* § 4B1.1 (Nov.1990).[4] Appellant argues that his pri-

---

3. "The term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, *or any act of juvenile delinquency involving the use or carrying of a firearm,* knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult. . . ." 18 U.S.C. § 924(e)(2)(B) (1988) (emphasis added).

4. In relevant part, section 4B1.1 provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant *offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two*

or criminal convictions do not warrant imposition of the career offender penalty. We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Howard,* 894 F.2d 1085, 1087 (9th Cir.1990).

Section 4B1.1 of the Sentencing Guidelines provides an enhanced penalty for career offenders. A defendant is a "career" offender if he has committed two qualifying prior "crime[s] of violence" or "controlled substance offense[s]." U.S.S.G. § 4B1.1.

The district court based its findings that Appellant is a career offender under section 4B1.1 upon the following three prior convictions: robbery in 1985, armed robbery and grand theft in 1971, and grand theft and battery in 1979.

U.S.S.G. § 4B1.2 defines the statutory terms "crime of violence," "controlled substance offense," and "two prior felony convictions." The application notes to this section direct that the criminal history counting rules contained in section 4A1.2 be used to determine which prior offenses count towards making the defendant a career offender. U.S.S.G. § 4B1.2, comment. (n. 4). Section 4A1.2(e) provides in relevant part that "any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted."

The 1985 conviction is a proper predicate conviction for section 4B1.1 because it is a crime of violence and falls well within the fifteen year time limitation. U.S.S.G. § 4B1.2, comment. (n. 2) (robbery is a "crime of violence").

The second conviction relied upon by the district court is apparently too old to qualify under section 4B1.1. Appellant was released from custody on April 11, 1973.[5] Appellant's instant offense occurred in April 1989. Thus, the 1971 conviction may not appropriately be considered under section 4B1.1.

The third conviction relied upon by the district judge also is not an appropriate predicate conviction because it does not satisfy the "crime of violence" prong. That conviction was based upon events occurring while Appellant was in the home of a female acquaintance. Appellant had entered the house while the acquaintance was out. When the acquaintance arrived home, she confronted Appellant. As he rushed past her, she saw silver flatware in his pants and attempted to grab for the flatware. Appellant pushed the victim onto her couch, breaking one of her fingers as she fell. Appellant was charged with grand theft and battery. Appellant pleaded nolo contendre to the grand theft charge but apparently did not plead nolo contendre to the battery charge.[6]

When determining whether a particular prior conviction is a crime of violence for purposes of section 4B1.1, we do not look at the specific conduct involved in the defendant's conviction, but apply the so-called "categorical approach" and evaluate the crime based on its statutory definition. *United States v. Becker,* 919 F.2d 568, 570 (9th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991); *see also United States v. Dunn,* 935 F.2d 1053, 1059 (9th Cir.1991). The grand theft violation does not have as an element the use, attempted use, or threatened use of force required by section

prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

**5.** This fact, gleaned from the presentence report, is inconsistent with other information about Appellant's incarceration status in the early 1970s that we discuss later in this opinion. Our only resort, therefore, is to remand and allow the district court to make appropriate factual inquiries.

**6.** Again, the record before us is contradictory. The presentence report lists this conviction as including charges of both grand theft and battery, but the addendum to the presentence report apparently agrees with defense counsel's assertion that Appellant pleaded nolo contendre only to the grand theft charged. The photocopy of Appellant's nolo contendre plea is difficult to read, and we cannot determine from it whether he pleaded nolo contendre to battery. Finally, Appellant's commitment forms lists only the grand theft charge.

4B1.2(1)(i). *See* Cal. Penal Code § 487(2) (West 1988). Even if Appellant had been convicted of the battery charge, that crime carries only a maximum penalty of six months. Cal. Penal Code § 243(a) (West 1988). The career offender provision counts only crimes punishable by a term exceeding one year of imprisonment. U.S.S.G. § 4B1.2(1). Thus, this conviction is not a proper predicate conviction under section 4B1.1(1) of the Sentencing Guidelines.

Two other convictions offered by the government, but apparently not relied upon by the district judge, may supply the required second prior conviction. Appellant was convicted of a burglary committed in August 1979. The presentence report indicates that the burglary was of a *dwelling*, as required by section 4B1.2(1)(ii). The information charging Appellant with the crime, however, charges only that Appellant "did unlawfully enter a *building* with intent to commit theft" (emphasis added). Given the general state of confusion in the record, we are reluctant to affirm Appellant's sentence based on our review alone. We leave it to the district court on remand to determine whether the jury in this prior case did, in fact, find that Appellant burgled a dwelling as opposed to a building and that this prior conviction satisfies all the factual requirements of section 4B1.1.

Finally, the government offered Appellant's October 6, 1965 conviction for robbery using a simulated gun. In 1966, Appellant was sentenced to an eight-year prison term for this offense, but the sentence was suspended and Appellant was placed on probation. Appellant violated his probation and was incarcerated in 1967 to serve his eight-year sentence. The addendum to the presentence report states: "The defendant was initially paroled in 1968, but was returned to prison on a number of occasions until he was ultimately released from custody and discharged from parole on June 24, 1976." If his incarceration for this offense did not, in fact, terminate until 1976, then *this* offense would satisfy the fifteen-year requirement of U.S.S.G. § 4B1.1.

Given Appellant's extensive criminal records, however, we are unable to determine from the information before us whether his incarceration up to 1976 was for the 1965 conviction, or for other crimes he committed during that same period. We leave this factual inquiry to the district court on remand.

Sentencing of Appellant as a career offender under U.S.S.G. § 4B1.1 using the predicate convictions relied upon by the district judge was error. We see two other convictions in the record, however, that may provide the second prior conviction necessary to support a finding that Appellant is a career offender under the Guidelines. Thus, we remand to allow the district court to clarify the record and resentence Appellant accordingly.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.