IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-60563

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


                        versus


TYRONE RILEY, also known as "Tyron";
REGINALD FELIPE WARDEN, also known as "Reggie"

                                        Defendants-Appellants.

---

Appeal from the United States District Court
For the Southern District of Mississippi

---

(3:95-CR-60BN-19)
(March 13, 1998

Before GARWOOD, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

                        I.

    Charles Ellis Warden, Jr., known as June Bug, headed a cocaine

distribution organization in Jackson, Mississippi, in the early to

mid 1990s.  His brother, Reginald Felipe Warden, known as Reggie,

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and one of the defendants in this case, distributed cocaine for him.  Tyrone Riley, known as Tyron, from Memphis, Tennessee, is the other defendant, and he was one of the organization's suppliers.  Warden and Riley were convicted by a jury of conspiring to distribute cocaine, crack cocaine and marijuana.

II.

On appeal, Warden raises two issues.  First, he contends that the proof at trial varied from the indictment and hence the indictment was constructively amended.  We review this issue *de novo*.  U.S. v. Farmigoni, 934 F.2d 63, 65 (5th Cir. 1991), cert. denied, 502 U.S. 1090 (1992).  Warden did not present this issue to the trial court.  Therefore, the plain error standard applies.  U.S. v. Calverley, 37 F.3d 160, 162-63 (5th Cir. 1994), cert. denied, 513 U.S. 1196 (1995); Fed. R. Crim. P. 52(b).  Plain error is error that is obvious, clear or readily apparent and must affect the defendant's substantial rights.  Id. at 163-64.

A constructive amendment of the indictment occurs when the jury is permitted to convict based on facts that effectively modify an essential element of the offense charged.  U.S. v. Young, 730 F.2d 221, 223 (5th Cir. 1984).  When the indictment charges a violation of a statute in general terms, proof of acts of the kind described, although not specifically mentioned in the indictment,

2

does not constructively amend it. U.S. v. Malatesta, 583 F.2d 748, 756 (5th Cir. 1978), cert. denied, 444 U.S. 846 (1979).

Four government witnesses -- Paul Webb, Michael Westin, Richard Carroll and Marcus George, who had not testified before the grand jury, testified at trial against Warden. Warden contends that the testimony of these four witnesses amounts to unrelated conduct which was not alleged in the indictment. We find that the testimony of these witnesses fall within the allegations of the indictment and overt acts involving Paul Webb are mentioned in the indictment. Their testimony established the existence of the conspiracy that Warden was charged with. This case is similar to U.S. v. Soudan, 812 F.2d 920 (5th Cir. 1986), cert. denied, 481 U.S. 1052 (1987), in which the court's charge stayed within the scope of the indictment and allowed the jury to find the defendant criminally culpable but did not vary the charges in the indictment. Id. at 929.

Moreover, in U.S. v. McKinney, 53 F.3d 664 (5th Cir.), cert. denied, 116 S.Ct. 261 (1995), this court held that a conviction will not be reversed for a variance between the indictment and the proof unless the evidence offered at trial by the government varied from that alleged in the indictment and the variance prejudiced the defendant's substantial rights. Id. at 672. Assuming that there was a variance in the indictment, there is no evidence that any substantial rights of Warden were prejudiced since he was given a

full opportunity to interview the government witnesses and prepare for trial.

Second, Warden contends that the trial court abused its discretion in allowing the government witnesses to invoke the Fifth Amendment in response to questions regarding other drug deals. We review restrictions on the scope of cross-examination and whether the Fifth Amendment was properly invoked for abuse of discretion. U.S. v. Payne, 99 F.3d 1273, 1280 (5th Cir. 1996). "The relevant inquiry is whether the jury had sufficient information to appraise the bias and motives of the witness." U.S. v. Tansley, 986 F.2d 880, 886 (5th Cir. 1993) (citations omitted).

Warden contends that government witnesses Richard Carroll and Paul Webb used their Fifth Amendment privilege to pick and choose those questions they wanted to answer, avoided answering questions going to their credibility on cross-examination, and thus curtailed Warden's right of confrontation.

The evidence on record shows that the questioning, although limited to only the drug deals in this case, was sufficient to allow a jury to appraise Webb and Carroll's credibility as witnesses. U.S. v. Rocha, 916 F.2d 219, 242 (5th Cir. 1990), cert. denied, 500 U.S. 934 (1991) (upholding refusal to permit cross-examination related to tax evasion). The trial court did not abuse its discretion in allowing government witnesses to invoke the Fifth Amendment in response to questions regarding other drug deals.

4

III.

Riley raises two other issues on appeal. First, Riley contends that the evidence was insufficient to support his conviction for conspiracy to possess with intent to distribute cocaine. In judging challenges to the sufficiency of the evidence, we must interpret the evidence in light most favorable to the government. U.S. v. Stephens, 779 F.2d 232, 235 (5th Cir. 1985).

To sustain a conviction for a drug conspiracy, the government must show the following: (a) the existence of an agreement with intent to distribute; (b) defendant's knowledge of the agreement; and (c) defendant's voluntary participation in the agreement. U.S. v. Alvarado, 898 F.2d 987, 992 (5th Cir. 1990).

Riley contends that he was merely in a buyer-seller relationship with June Bug, and he did not believe he was supplying a conspirator -- all he knew was that he was selling cocaine to June Bug.

The principal evidence against Riley was the testimony of Kimberly Logan, a banker/treasurer for June Bug's organization. Logan testified that Riley dealt with June Bug and his cohorts over an extended period of time and discussed prices and availability of cocaine. Her testimony was corroborated by tapes that were introduced into evidence. Issues related to her credibility, the weight of the evidence and conflicts in evidence are matters for the jury. U.S. v. Ortega-Chavez, 682 F.2d 1086, 1091 (5th Cir. 1982). We have previously held that a buyer-seller relationship

5

exists where there is no proof that the purchaser intended anything more than personal use.  U.S. v. Thomas, 12 F.3d 1350, 1365 (5th Cir.), cert. denied, 511 U.S. 1095 (1994).  On the contrary, here the evidence sufficiently establishes extensive drug dealing involving substantial amounts of cocaine over a period of time thus proving a conspiracy involving Riley and others, and not mere personal use.

Second, Riley contends that the trial court erred in sentencing Riley by assessing him responsibility for nine kilograms of cocaine and in denying him a reduction for acceptance of responsibility.

The district court's findings about the quantity of drugs involved are factual findings reviewed under the clearly erroneous standard.  U.S. v. Thomas, 870 F.2d 174, 176 (5th Cir. 1989).

Kimberly Logan testified that she made around 12 trips to Memphis and came back with one-half kilo to three kilos of cocaine on each trip.  On cross-examination she said she may have made 5 to 12 trips to Memphis.  The sentencing judge calculated 5 kilos of cocaine based on this testimony.  The court then attributed another 4 kilos to Riley based on a conversation with Warden caught on tape in which he discusses possessing that amount of cocaine in negotiating a sale.  The sentencing guidelines permit counting amounts under negotiation as relevant conduct.  See U.S. Sentencing Guidelines Manual §2D1.4, Appl. Note 1 (1991).  Thus, the district court's findings limited its calculation to amounts of cocaine

6

directly attributable to Riley and its findings are not clearly erroneous.

Riley also contends that the district court erred in denying him an acceptance of responsibility adjustment.  He maintains that he went to trial not because he denied selling cocaine but because he denied the amount that he allegedly sold.

After finding that Riley was personally responsible for selling 9 kilos of cocaine and that he was a major player in the conspiracy, the trial judge noted that Riley wanted an acceptance of responsibility adjustment because he had accepted responsibility for selling "two quarters of a kilogram" of cocaine.  The trial judge noted that Riley contested his guilt all the way through and went to trial.  It may be difficult for a defendant to receive an acceptance of responsibility reduction when he refuses to plead guilty and puts the government to its proof by going to trial.  U.S. v. Gordon, 876 F.2d 1121, 1127 (5th Cir. 1989).  We are persuaded that the trial court's refusal to give Riley a two-level reduction is adequately supported by the record.

AFFIRMED.