**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alfredo Bustamonte GOMEZ, Defendant–Appellant.**

**No. 08–10072.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2008.*

Filed Dec. 2, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lynne Tyler Ingram, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Craig Orent, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before GOODWIN, KLEINFELD and IKUTA, Circuit Judges.

## MEMORANDUM **

Alfredo B. Gomez appeals his conviction under 18 U.S.C. § 922(g)(1) following a jury verdict. We affirm.

■ The district court did not err in denying Gomez's motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have concluded beyond a reasonable doubt that the Colt pistol possessed by Gomez was manufactured and assembled in Connecticut, and that it traveled in interstate commerce from the Colt manufacturing plant to Arizona before Gomez obtained it. *See United States v. Hartz*, 458 F.3d 1011, 1024–25 (9th Cir.2006).

■ Nor did the district court err in declining to instruct the jury that the government had to prove that the pistol had been shipped in interstate commerce "in its presently assembled state." The statutory definition of "firearm" for purposes of 18 U.S.C. § 922(g)(1) does not include such language, and Gomez has not identified— nor have we found—a decision of this or any other circuit reading such language into the statute. *See United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir.2004).

■ Neither a variance between the indictment and the proof offered at trial, nor a constructive amendment of the indictment occurred. There was no variance because the evidence offered at trial did not prove facts materially different from those alleged in the indictment. *See Hartz*, 458 F.3d at 1020. Neither party adduced any evidence that only a component of the pistol, rather than the pistol itself, traveled in interstate commerce. There was no constructive amendment of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the indictment because neither the prosecutor nor the court changed the terms of the indictment. *See id.* The government did not argue that it could meet its burden of proof by showing that only a component of the pistol traveled in interstate commerce, and the government was not required to prove that the pistol "in its presently assembled state" traveled in interstate commerce. *See United States v. Alvarez,* 972 F.2d 1000, 1003–04 (9th Cir. 1992), *overruled on other grounds, Kawashima v. Mukasey,* 530 F.3d 1111 (9th Cir.2008); *Pang,* 362 F.3d at 1193–94.

**AFFIRMED.**