NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3020
_____

UNITED STATES OF AMERICA

v.

MARK SANDERS,
                    Appellant

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cr-00283-001)
District Judge: Honorable Juan R. Sanchez

_____

Argued January 18, 2017
Before: HARDIMAN and SCIRICA, *Circuit Judges*,
and ROSENTHAL,* *District Judge*.

(Filed: March 23, 2017)

Eric A. Boden [Argued]
Arlene D. Fisk
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
        *Attorneys for Appellee*

---

* The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Rocco C. Cipparone, Jr. [Argued]
Cipparone Law
205 Black Horse Pike
Haddon Heights, NJ 08035
    *Attorney for Defendant–Appellant*

_____

OPINION[**]
_____

HARDIMAN, *Circuit Judge*

Mark Sanders appeals his judgment of conviction following a jury trial. We will affirm.

I[1]

Sanders was convicted of four crimes arising out of his participation in a theft at gunpoint of a Suzuki dirt bike. Most pertinent to this appeal are his convictions for conspiracy to commit robbery of a motor vehicle in violation of 18 U.S.C. § 371 and aiding and abetting the robbery of a motor vehicle in violation of 18 U.S.C. § 2119. Sanders raises three challenges on appeal: (1) the Government constructively amended his indictment; (2) the evidence at trial was insufficient to convict him; and (3) the District Court admitted irrelevant evidence. We consider each argument in turn.

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

A

The crux of Sanders's first claim—that the Government constructively amended his indictment—is based on this syllogism: (1) Sanders was indicted for stealing a Suzuki dirt bike that traveled in interstate commerce; (2) although the Government offered evidence that the dirt bike traveled in foreign commerce (from Japan to the United States), it offered no evidence that the dirt bike traveled in interstate commerce; therefore, (3) Sanders was convicted of a crime for which he was never indicted. *See* Sanders Br. 33–34, 37–46.

At first glance, this syllogism makes sense. It ultimately fails, however, because the phrase "interstate or foreign commerce" as used in § 2119 is a unitary concept that requires the Government to prove only that the motor vehicle traveled in *either* interstate *or* foreign commerce.

A constructive amendment occurs when a defendant is deprived of his "substantial right to be tried only on charges presented in an indictment returned by a grand jury." *United States v. Syme*, 276 F.3d 131, 148 (3d Cir. 2002) (quoting *United States v. Miller*, 471 U.S. 130, 140 (1985)). An indictment is constructively amended when "the evidence and jury instructions at trial modify essential terms of the charged offense [such] that there is a substantial likelihood that the jury may have convicted the defendant for an offense differing from the offense the indictment returned by the grand jury actually charged." *United States v. Daraio*, 445 F.3d 253, 259–60 (3d Cir. 2006).

3

The statute at issue in this appeal—18 U.S.C. § 2119—provides that one may be convicted if a motor vehicle was transported in interstate *or* foreign commerce. So long as a motor vehicle enters the State from elsewhere, the "interstate or foreign commerce" element of the offense is satisfied. Thus, the Government's evidence that the Suzuki dirt bike traveled in foreign commerce did not "modify essential terms of the charged offense [such] that there is a substantial likelihood that the jury may have convicted" Sanders of an offense different from the one in the indictment. *Daraio*, 445 F.3d at 259–60. The Court of Appeals for the Fifth Circuit reached the same conclusion when it considered similar language in another criminal statute. *See United States v. Young*, 730 F.2d 221, 224 (5th Cir. 1984) (holding "interstate or foreign commerce" was a "unitary" concept in 18 U.S.C. § 922(h)(1)); *see also United States v. Alvarez*, 972 F.2d 1000, 1003–04 (9th Cir. 1992) (the same in 18 U.S.C. § 922(g)), *overruled on other grounds by Kawashima v. Mukasey*, 530 F.3d 1111, 1116 (9th Cir. 2008).

Against the text of § 2119 and these precedents, Sanders relies principally on the Supreme Court's decision in *Stirone v. United States*, 361 U.S. 212 (1960). There, an indictment accused the defendant of interfering with interstate commerce through the shipment of sand, but the Government proved only that he had shipped steel. *Id.* at 217. The Supreme Court held that this difference unconstitutionally broadened the indictment: "when only one particular kind of commerce is charged to have been burdened[,] a conviction must rest on that charge and not another, even though it be assumed that under

4

an indictment drawn in general terms a conviction might rest upon a showing that commerce of one kind or another had been burdened." *Id.* at 218.

*Stirone* is inapposite to Sanders's case. The statute at issue prohibited, *inter alia*, "obstruct[ing] . . . the movement of any article or commodity in commerce, by . . . extortion . . . ." 18 U.S.C. § 1951(a). Because there was no evidence that the defendant moved sand, he was convicted of moving a different commodity (steel) than the one for which he was indicted. Here, Sanders was indicted for conspiracy to rob a Suzuki dirt bike and the proof at trial showed that a Suzuki dirt bike (not a Honda sedan, for example) was stolen. *See Young*, 730 F.2d at 224 ("Mr. Young was not indicted for receiving one particular firearm and then convicted for receiving another. The factual basis for the indictment is identical to that for the conviction. . . . *Stirone* [is] not applicable.").

We also note that the Government's proof neither surprised nor prejudiced Sanders. Long before trial, Sanders was aware that the Government intended to prove the jurisdictional element of § 2119 through evidence that Suzuki dirt bikes are made in Japan and that this Suzuki dirt bike entered Pennsylvania through travel in foreign commerce. Because the jurisdictional element of § 2119 is satisfied as long as the indictment charged either "interstate commerce" or "foreign commerce" (or both), the evidence proved either (or both), and the jury instructions included either (or both), Sanders was convicted of the offense for which he was indicted.

5

B

Sanders next cites two reasons why the evidence was insufficient to support his conviction: (1) it failed to prove beyond a reasonable doubt that he participated in the robbery; and (2) it did not establish that the dirt bike traveled in interstate commerce.

Sanders's first argument is unsupported by the record. He is correct that no witness specifically identified him and there was no physical evidence linking him to the crime. But as the District Court rightly noted, *see* App. 306, there was compelling circumstantial evidence that Sanders was a culprit, particularly under our deferential standard of review. *See United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc).

The second argument is foreclosed by our analysis of Sanders's constructive amendment claim. Here again, he is correct that the indictment, jury instructions,[2] and verdict slip all neglected to mention foreign commerce. Yet it is undisputed that the Government introduced expert testimony that the Suzuki dirt bike traveled in foreign commerce. App. 175, 296. Because "interstate or foreign commerce" is a unitary concept in § 2119, *see supra* Section I-A, this proof was sufficient to support Sanders's conviction.

---

[2] Perhaps ironically, the Government requested jury instructions that tracked the statutory language, but the District Court acceded to Sanders's request to delete "or foreign" from the instructions. App. 327–28.

## C

Sanders's final argument is that the District Court erred by admitting, over his objection, Officer McAllister's lay testimony about his familiarity with Suzuki motorcycles. Sanders argues that Officer McAllister's knowledge about where his Suzuki motorcycles were manufactured was irrelevant to the question of where the Suzuki dirt bike in this case was manufactured. Sanders Br. 59. Assuming that the District Court abused its discretion in allowing this testimony, that error was harmless in light of the uncontroverted expert testimony that Suzuki motorcycles and dirt bikes were manufactured in Japan. App. 296. This fact established the interstate or foreign commerce nexus required by the statute. Accordingly, we think it "highly probable that the error did not affect the outcome of the case." *Moyer v. United Dominion Indus., Inc.*, 473 F.3d 532, 545 (3d Cir. 2007) (quoting *Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir. 2005)).

## II

For the reasons stated, we will affirm the judgment of the District Court.