19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack TOWNSEND, Defendant-Appellant.
 No. 92-30293.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 16, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Townsend appeals his convictions and 211-month sentence imposed following a jury trial for manufacturing and conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1), 846, and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c).
 
 
 3
 Counsel for Townsend filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identifies five issues for review: (1) whether the district court abused its discretion by rejecting Townsend's proposed questions for voir dire; (2) whether the district court erred by admitting Townsend's statements to law enforcement agents; (3) whether the prosecutor engaged in misconduct during closing argument; (4) whether sufficient evidence supported Townsend's convictions; and (5) whether Townsend received ineffective assistance of counsel at trial.
 
 
 4
 Townsend filed a pro se supplemental brief raising these five issues and identifying three additional issues: (1) the district court erred by admitting his statements to law enforcement agents under Fed.R.Evid. 404(b); (2) the district court failed to rule on his competency to stand trial; and (3) the November 1993 amendments to the United States Sentencing Guidelines might retroactively apply to his sentence. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm the convictions and sentence. We grant counsel's request to withdraw.
 
 
 5
 * Voir Dire
 
 
 6
 Townsend contends the district court abused its discretion by rejecting four of Townsend's proposed voir dire questions regarding the prospective juror's attitudes regarding drug and gun laws. This argument is without merit.
 
 
 7
 We review the district court's voir dire for an abuse of discretion. United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991). The district court may reject supplemental questions if the voir dire was otherwise sufficiently reasonable to test for juror bias or partiality. Id.
 
 
 8
 Here, the district court asked prospective jurors whether, knowing the case concerned drugs and a gun, any of them would have difficulty being fair and impartial jurors. The court also queried whether any of the prospective jurors themselves, close family members, or good friends had been involved to some degree with drugs or guns such that the prospective jurors would question their impartiality in the present case. The court emphasized the importance of being able to set aside any personal experiences and evaluate the case on the evidence presented. Accordingly, we conclude the district court's voir dire sufficiently tested for juror partiality or bias regarding drug and weapon cases. See id.
 
 II
 Admission of 1990 Statements
 
 9
 Townsend contends the district court erroneously admitted into evidence statements Townsend made to King County Police Detective Lewis during a 1990 methamphetamine investigation admitting that he had manufactured methamphetamine. Townsend asserts these statements were involuntary because they were extracted by promises of immunity from prosecution. Alternatively, Townsend argues the district court erred by admitting the statements because they constituted evidence of other acts which was inadmissible under Fed.R.Evid. 404(b), and they amended the indictment. These arguments lack merit.
 
 A. Voluntariness
 
 10
 We review de novo the voluntariness of an admission or confession. United States v. Willard, 919 F.2d 606, 608 (9th Cir.1990) (promise to tell prosecutor that suspect cooperated does not render subsequent statements involuntary), cert. denied, 112 S.Ct. 208 (1991).
 
 
 11
 "The test [for voluntariness] is whether, considering all the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988).
 
 
 12
 Here, Detective Lewis contacted Townsend three times in 1990 regarding the investigation of one "Theatreman," who was allegedly manufacturing methamphetamine. Detective Lewis first contacted Townsend at a hospital where Townsend had just had surgery on his arm. Townsend testified that Detective Lewis promised him immunity from prosecution if he cooperated in the investigation of Theatreman. Townsend also testified he had been given an extremely high dose of morphine prior to speaking with Detective Lewis.
 
 
 13
 Detective Lewis testified he never promised Townsend immunity from prosecution. Because Townsend was medicated after the surgery, Detective Lewis merely asked Townsend if he could contact Townsend about the Theatreman investigation. At subsequent meetings with Townsend, Detective Lewis made clear to Townsend that Theatreman was the focus of his investigation. Detective Lewis told Townsend he would not be prosecuted unless the investigation revealed Townsend was involved in Theatreman's operation. Townsend admitted to having manufactured methamphetamine in the past. Neither Townsend nor Theatreman was prosecuted as a result of the investigation.
 
 
 14
 Detective Lewis testified that he wore plainclothes each time that he met with Townsend, that meetings subsequent to the initial one were in public places, and that Townsend was free to terminate any of the discussions. In fact, Detective Lewis terminated a subsequent meeting when Townsend expressed he was in pain.
 
 
 15
 We agree with the district court's conclusion that Townsend's statements to Detective Lewis were voluntary. Detective Lewis testified he made no promises of immunity from prosecution. Townsend himself testified he was under the influence of morphine at the time of the alleged promise, suggesting his memory of the events might be impaired. Because the record reveals no promises, coercion or threats which would have overborne Townsend's will, we hold Townsend's statements were voluntary under the totality of the circumstances. See Leon Guerrero, 847 F.2d at 1366.
 
 B. Other Acts Evidence
 
 16
 Alternatively, Townsend argues the district court erred by admitting Townsend's 1990 statements because the evidence was either inadmissible under Fed.R.Evid. 404(b) or constituted an amendment to or variance from the indictment.
 
 1. Rule 404(b)
 
 17
 We review evidentiary rulings for an abuse of discretion. United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 498 U.S. 1119 (1991).
 
 
 18
 Fed.R.Evid. 404(b) permits the admission of evidence of other crimes, wrongs, or acts for purposes of showing proof of knowledge or intent. See id. "Rule 404(b) is a rule of inclusion. However, evidence of extrinsic acts must be relevant to an actual issue in the case." United States v. Faust, 850 F.2d 575, 584 (9th Cir.1988) (citations omitted).
 
 
 19
 Townsend's defense at trial was that the Stollers manufactured the methamphetamine. Townsend's knowledge regarding the process of manufacturing methamphetamine was relevant to show that Townsend was not a naif in a residence where methamphetamine just happened to be manufactured. Because Townsend's 1990 statements show Townsend's knowledge of manufacturing methamphetamine, we hold the district court did not err by admitting them under Fed.R.Evid. 404(b). See Mundi, 892 F.2d at 821.
 
 2. Amendment of or Variance from Indictment
 
 20
 A constructive amendment of the indictment occurs when the government produces evidence at trial which supports a crime other than that charged in the indictment. United States v. Alverez, 972 F.2d 1000, 1003 (9th Cir.), cert. denied, 113 S.Ct. 1427 (1992). A variance in proof occurs when the charging terms of the indictment are not challenged, but the evidence offered at trial proves facts materially different from those alleged in the indictment. Id. at 1004. Reversal is not required however unless the defendant shows prejudice thereby. Id.
 
 
 21
 Here, the indictment charged Townsend with manufacturing or conspiring to manufacture methamphetamine on or around July 19, 1991. Townsend's 1990 admissions that he had manufactured methamphetamine were offered to show Townsend's knowledge and intent regarding the charges in the indictment. The government introduced sufficient evidence to support Townsend's convictions for manufacturing and conspiracy to manufacture methamphetamine in July, 1991. See infra. Moreover, the jury instructions informed the jury that evidence of Townsend's other acts were to be considered only as they related to his knowledge or intent to participate in the crimes charged in the indictment. Accordingly, we hold the admission of Townsend's 1990 admissions to Detective Lewis constituted neither a constructive amendment of the indictment nor a variance in proof. See Alverez, 972 F.2d at 1004.
 
 III
 Prosecutorial Misconduct
 
 22
 Townsend contends the prosecutor improperly commented upon Townsend's Fifth Amendment privilege not to testify. This argument lacks merit.
 
 
 23
 We review de novo any claims that the prosecutor's closing argument violated the defendant's Fifth Amendment rights. United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991); but see United States v. Hoac, 990 F.2d 1099, 1103-04 (9th Cir.1993) (unclear whether standard of review de novo or abuse of discretion), petition for cert. filed, --- U.S.L.W. ---- (U.S. Nov. 3, 1993) (No. 93-6625).
 
 
 24
 We must determine whether the prosecutor's comments were such that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988) (prosecutor's comment on defense counsel's failure to call witness not violation of constitutional right). A single isolated comment will not be grounds for reversal when followed by a curative instruction. Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir.1987).
 
 
 25
 Here, during rebuttal argument the prosecutor responded to defense counsel's argument that the prosecution refused to call certain witnesses by noting that defense counsel had the power to call those witnesses as well.[1] Sustaining Townsend's objection, the district court immediately admonished the jury that the government bears the burden of proving the defendant guilty beyond a reasonable doubt.
 
 
 26
 The record reveals this was a comment upon defense counsel's failure to call witnesses and as such was not a comment the jury would naturally and necessarily take to be a comment upon Townsend's own decision not to testify. We conclude the comment did not violate Townsend's Fifth Amendment right, particularly in view of the district court's immediate curative instruction. See Castillo, 866 F.2d at 1083.
 
 IV
 Sufficiency of the Evidence
 
 27
 Townsend also challenges the sufficiency of the evidence to support his convictions. This challenge lacks merit.
 
 
 28
 There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 A. Drug Offenses
 
 29
 Townsend asserts the evidence was insufficient to support his convictions for manufacturing or conspiracy to manufacture methamphetamine because none of his alleged coconspirators were on trial. Moreover, he asserts there was no evidence that he had an agreement with anyone else to manufacture methamphetamine.
 
 
 30
 The elements of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. Sec. 846 are (1) an agreement to accomplish an illegal objective, (2) the commission of one or more overt acts in furtherance of that purpose, and (3) the intent to commit the underlying substantive offense. United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990). The jury may infer an implicit agreement from the facts and circumstances of the case. Id.
 
 
 31
 "To prove that a defendant manufactured methamphetamine, the government must show the defendant manufactured the drug and did so knowingly or intentionally." Id.
 
 
 32
 We conclude that sufficient evidence supports Townsend's convictions for conspiracy to manufacture and manufacturing methamphetamine. A rational jury could have convicted defendant on both counts based upon the following evidence adduced at trial: (1) Townsend set up a methamphetamine laboratory in Brad Stoller's residence with Stoller's permission; (2) Stoller observed Townsend's girlfriend Colleen Nelson assisting Townsend with the manufacturing process; (3) Don Jordan testified that he obtained chemicals for Townsend's methamphetamine production and discussed various methods of manufacturing methamphetamine with Townsend; (5) Townsend showed Jordan a methamphetamine reaction he had cooking in the upstairs portion of the Stoller residence, using his key to enter the room; (6) Townsend gave Jordan a bottle of methamphetamine for Jordan's assistance obtaining chemicals. This evidence sufficiently supports the conspiracy and the manufacturing charge. See Litteral, 910 F.2d at 551.
 
 B. Firearm Offense
 
 33
 Townsend also asserts the evidence is insufficient to support his conviction for use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c).
 
 
 34
 To convict the defendant for violation of section 924(c), the government must establish that the defendant committed a drug offense and that the defendant used or carried a firearm in relation to the drug trafficking offense. United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991) (paraplegic's section 924(c) conviction affirmed where firearm hidden under house and defendant unable to retrieve it by himself).
 
 
 35
 We conclude the evidence is sufficient to support Townsend's conviction for using or carrying a weapon in relation to a drug trafficking offense. A rational jury could have found Townsend guilty based on the following evidence adduced at trial: (1) Stoller observed Townsend with a Mac-10 machine pistol at the Stoller residence after Townsend moved in with Stoller; (2) Townsend told Stoller he had the weapon to protect his product; (3) Jordan observed Townsend carry the Mac-10 upstairs to the methamphetamine laboratory when Townsend showed Jordan the methamphetamine reaction; (4) the police found a Mac-10 machine pistol in the same room as the methamphetamine reaction. See id.[2]
 
 V
 Sentencing
 
 36
 Townsend asserts the 1993 revisions to the Sentencing Guidelines regarding the calculation of a defendant's base offense level for possession of certain precursor chemicals apply retroactively to the calculation of his base offense level. Assuming arguendo that Townsend is correct regarding the retroactive application, we need not address his argument because the presentence report indicates his base offense level would remain the same even if the district court disregarded completely the amount of precursor chemicals.
 
 
 37
 Here, the presentence report adopted by the district court set Townsend's base offense level at 34 based on 742 grams of completed pure methamphetamine and premixed precursor chemicals yielding 137 grams of pure methamphetamine. Under both the 1990 and the 1993 versions of the Sentencing Guidelines, U.S.S.G. Sec. 2D1.1 provides a base offense level of 34 for offenses involving 300 grams to one kilogram of pure methamphetamine. Townsend's base offense level would remain 34, therefore, even if the district court disregarded completely the amount of premixed precursor chemicals. See U.S.S.G. Sec. 2D1.1.
 
 VII
 Ineffective Assistance of Counsel
 
 38
 Townsend asserts he was denied effective assistance of counsel because his first attorney failed to communicate with him and his second attorney failed to conduct his defense properly.
 
 
 39
 Generally, we decline to review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Bosch, 951 F.2d 1546, 1549 (9th Cir.1991), cert. denied, 112 S.Ct. 2975 (1992). Such is the case here with regard to the allegations of ineffective assistance of counsel.
 
 
 40
 To the extent Townsend contests for the first time on appeal the magistrate judge's authority to determine Townsend's competency to stand trial as well as the magistrate judge's finding of competency, we construe this as an allegation of ineffective assistance of counsel. Because the record reveals no information regarding counsel's reasons for not objecting to the competency determination procedure or outcome, we decline to address it on direct appeal. Townsend may raise these issues in a proceeding under 28 U.S.C. Sec. 2255.
 
 
 41
 Counsel's motion to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Townsend's request for oral argument but note that we have considered every brief filed by Townsend
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The prosecutor made the following remark: "Mr. Kanev criticizes the government for not bringing some other individuals before you to testify. Mr. Kanev also has the liberty to bring witnesses, just as he had the liberty to bring the witnesses he presented to you today."
 
 
 [2]
 To the extent Townsend attacks the credibility of the witnesses against him, we defer to the trier of fact. United States v. Gillock, 886 F.2d 220 (9th Cir.1989)