12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Preston HALL, Jr., Defendant-Appellant.
 No. 92-50493.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Preston Hall, Jr., appeals his conviction, following a jury trial for transportation of stolen traveler's checks in interstate commerce in violation of 18 U.S.C. Sec. 2314. Hall contends that insufficient evidence supported his conviction for transportation of stolen traveler's checks. He also contends that the evidence produced at trial fatally varied from the allegations contained in the indictment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Sufficiency of the Evidence
 
 3
 We review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992). The government had the burden of proving that: (1) the traveler's checks were stolen; (2) the checks had a value of at least $5,000; (3) after the checks were stolen, Hall transported them, or caused them to be transported, from one state to another state; and (4) at the time Hall transported the checks or caused them to be transported, he knew that they were stolen. See 18 U.S.C. 2314; Pereira v. United States, 347 U.S. 1, 9 (1954); United States v. Anderson, 532 F.2d 1218, 1223 (9th Cir.), cert. denied, 429 U.S. 839 (1976).
 
 
 4
 Here, the prosecution produced sufficient evidence so that a rational juror could find beyond a reasonable doubt each element of the offense. The jury heard testimony that a representative of the bank signed for a registered mail envelope containing $12,500 worth of traveler's checks. The traveler's checks then "disappeared" somewhere between the post office and the bank branch. This is sufficient evidence from which a jury could find beyond a reasonable doubt that the traveler's checks were in fact stolen.
 
 
 5
 From the evidence that Hall used an assumed name and a Washington state identification card issued in that name to cash the traveler's checks in Nevada just hours after they were stolen in California, a rational trier of fact could find that Hall knew the traveler's checks were stolen and transported them, or caused them to be transported, in interstate commerce. See Barnes v. United States, 412 U.S. 837, 845 n. 9 (1973) (possession of recently stolen property supports the inference that defendant knew it was stolen); Mcabee v. United States, 434 F.2d 361, 363 (9th Cir.1970) (same and supports the inference that defendant transported stolen goods); Corey v. United States, 305 F.2d 232, 238 (9th Cir.1962) (assumed name supports inference that defendant knew goods were stolen), cert. denied, 371 U.S. 956 (1963). Moreover, the prosecution also introduced stipulated testimony that at least twenty of the twenty-five $500 traveler's checks were processed through check clearing facilities in California thereby showing that Hall caused the checks to be moved via interstate commerce simply by cashing them. See Pereira, 347 U.S. at 9 (when a check drawn on an out-of-state bank was delivered for collection, defendant caused it to be transported in interstate commerce).
 
 
 6
 Because the prosecution adduced sufficient evidence for a rational juror to find each of the elements of the offense beyond a reasonable doubt, we affirm the district court's order denying Hall's motion for judgment of acquittal.
 
 II. Variance
 
 7
 Hall further contends that because the prosecution produced no evidence demonstrating that the traveler's checks were transported from California to Nevada, there is a fatal variance in the indictment. We disagree.
 
 
 8
 A variance occurs when the evidence offered at trial proves facts materially different from those alleged in the indictment, United States v. Homick, 964 F.2d 899, 907 (9th Cir.1992), and requires reversal only if defendant is prejudiced by the variance. United States v. Alvarez, 972 F.2d 1000, 1004 (9th Cir.), cert. denied, 113 S.Ct. 1427 (1992).
 
 
 9
 Here, Hall was not prejudiced by the alleged variance in proof because Hall was aware that the prosecution could prove the interstate commerce element by proving that the traveler's checks entered the stream of interstate commerce after they were negotiated in Nevada or that, the intrastate transportation was a continuation of interstate commerce. See McElroy v. United States, 455 U.S. 642, 656 n. 20 & 659 (1981) (interstate commerce includes a continuation of movement within a state that originally commenced outside of that state). In fact, Hall based his defense on the variance between the indictment and the proof offered at trial. Under these circumstances, any variance in proof was not prejudicial to Hall. See Alvarez, 972 F.2d at 1004 (where defense strategy is to seek an acquittal based on variance between indictment and evidence defendant could not claim prejudicial lack of notice).
 
 
 10
 Because there was sufficient evidence from which a rational juror could find each element of the offense, and because any variance between the indictment and the evidence was not prejudicial, the district court's judgment is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3