76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Marleny LOAIZA, Defendant-Appellant.
 No. 95-35026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 26, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Maria Marleny Loaiza appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion. Loaiza contends that she received ineffective assistance of counsel during her trial and on appeal and that the district court erred by failing to hold an evidentiary hearing. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995), and affirm.
 
 
 3
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also United States v. Quintero-Barraza, 57 F.3d 836, 840 (9th Cir.1995) (defendant bears burden of establishing incompetence of counsel and resulting prejudice).
 
 
 4
 Loaiza first contends that her counsel was deficient for not challenging the sufficiency of the evidence showing her intent to conspire to possess and distribute cocaine, and to possess cocaine. We disagree. Sufficient evidence supports a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 Extensive evidence at Loaiza's trial established her involvement in laundering money for her husband's drug distribution network, activities that were consistent with knowledge of the conspiracy, and connections with the apartment where cocaine was found. Therefore the evidence was sufficient for a rational trier of fact to find that Loaiza had the requisite intent to conspire to distribute cocaine, and to possess cocaine, beyond a reasonable doubt. See id. Although her defense at trial was that she had no knowledge of what her husband was doing, the jury concluded differently.
 
 
 6
 Loaiza claims that counsel failed to move to dismiss the indictment based upon government misconduct. Loaiza contends that the government committed misconduct by inviting the jury to infer specific intent and guilt from Loaiza's exercise of her "marital privilege" not to inform on her husband. Loaiza has not indicated any place in the record where the government mentioned or inferred that Loaiza failed to inform on her husband and was therefore guilty. Because she fails to identify any government misconduct, her claim fails. See Strickland, 466 U.S. at 690; see also Quintero-Barraza, 57 F.3d at 840.
 
 
 7
 Loaiza contends that her attorney failed to recognize the fatal variance between the indictment and the proof at trial. Essentially, Loaiza contends that the evidence showed she laundered money, but did not conspire to distribute cocaine or possess cocaine. The evidence at trial established that Loaiza participated in the conspiracy by laundering the drug distribution proceeds, and by possessing cocaine, which is what the indictment charged. There was no variance. See United States v. Alvarez, 972 F.2d 1000, 1004 (9th Cir.1992) (per curiam) (variance in proof occurs when facts proved at trial are materially different from those charged in indictment), cert. denied, 113 S.Ct. 1427 (1993).
 
 
 8
 Loaiza's similar claim that her attorney failed to request an instruction for money laundering is without merit. She was not charged with money laundering, and the elements of that crime are not included within the elements of the crimes of conspiring to distribute cocaine or of possessing cocaine. See 18 U.S.C. § 1956 (money laundering); 21 U.S.C. § 841(a)(1) (possession of cocaine), § 846 (conspiracy); Schmuck v. United States, 489 U.S. 705, 715-16 (1989) (defendant not entitled to jury instruction unless elements of lesser offense are subset of elements of charged offense).
 
 
 9
 Loaiza's counsel was not incompetent for failing to raise these meritless claims at trial or on appeal. See Strickland, 466 U.S. at 687; see also Quintero-Barraza, 57 F.3d at 841 (counsel under no obligation to raise meritless claims). The district court did not abuse its discretion by denying Loaiza an evidentiary hearing because her allegations would not entitle her to relief. See United States v. Blaylock, 20 F.3d 1458, 1464 (9th Cir.1994).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3