79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph KLADE, Jr., aka Joseph Klady, Jr., Defendant-Appellant.
 No. 95-10213.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1996.**
Decided March 14, 1996.
 
 1
 Before: HALL and BRUNETTI, Circuit Judges, and WEINER,*** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 I. Background.
 
 
 4
 Joseph Klade, Jr. was charged in a five count indictment of aggravated sexual abuse of a minor Indian female, who had not attained the age of 12 years, in violation of 18 U.S.C. §§ 1153 and 2241(c). The government dismissed the fifth count. A jury found him guilty on counts one and two and not guilty on counts three and for. He timely appeals his conviction. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction. 28 U.S.C. § 1291.
 
 
 5
 II. Duplicitous Indictment.
 
 
 6
 Klade argues that the district court erred when it did not dismiss count two of the indictment for duplicity. Whether an indictment is duplicitous is a question of law reviewed de novo. United States v. Martin, 4 F.3d 757, 759 (9th Cir.1993). "In reviewing an indictment for duplicity, our task is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than one, but rather solely to assess whether the indictment itself can be read to charge only one violation to each count." Id. (internal quotations omitted). Count two of the indictment, itself can be read to charge only one violation. The indictment is not duplicitous, and the district court did not err when it denied Klade's motion to dismiss count two.
 
 
 7
 III. Motion for Judgment of Acquittal on Count Two.
 
 
 8
 Klade contends that the district court erred by failing to grant his motion for judgment of acquittal on count two. He reasons that since the government orally limited count two to the incident where the victim contracted urethritis, and the victim never contracted urethritis, the district court should have granted his motion for judgment of acquittal.
 
 
 9
 This court must review the evidence presented against the defendant in a light most favorable to the government to determine whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir.1994).
 
 
 10
 Klade was charged with violating 18 U.S.C. §§ 1153 and 2241(c). 18 U.S.C. § 2241(c) provides: "Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both." 18 U.S.C. § 2241(c). Urethritis is not an essential element of 18 U.S.C. § 2241(c).
 
 
 11
 "A variance in proof occurs when the charging terms of the indictment are left unchallenged, but the evidence offered at trial proves facts materially different from those alleged in the indictment." United States v. McCormick, 72 F.3d 1404, 1408 (9th Cir.1995). The government had stated at a hearing for the motion to dismiss count two of the indictment for duplicity that it intended to prove the incident of sexual abuse where the victim contracted urethritis. The only fact that is different from the facts that the government offered to support the charge of aggravated sexual abuse is that the physician who examined the victim found erythema, not urethritis. The evidence produced at trial still supported the crime charged.
 
 
 12
 "A variance requires reversal only when the defendant was prejudiced thereby." Id. at 1408 (quoting United States v. Alvarez, 972 F.2d 1000, 1004 (9th Cir.1991), cert. denied, 507 U.S. 977 (1993)). The record shows that Klade had notice that the government would offer evidence of the erythema and that the medical records and report of the initial examination referred to erythema, not urethritis. Klade was not prejudiced from the variance. The district court did not err when it denied his motion for judgment of acquittal.
 
 
 13
 IV. Victim's Mother's Testimony.
 
 
 14
 Klade argues that the district court erred in allowing the government to ask the victim's mother if she believed her daughter's accusations. The testimony on redirect was to dispel any inference from the victim's mother's testimony, which brought out on cross-examination that when the mother brought the victim to the hospital for an examination in March 1993, the mother told the doctor that she did not believe the victim's story (i.e., she still did not believe the victim's story that Klade had molested the victim). The testimony is admissible pursuant to Federal Rule of Evidence 701 because it is a lay opinion that is rationally based on the perception of the witness as a mother and is helpful to a clear understanding of her testimony brought out on cross-examination. The district court did not abuse its discretion.
 
 
 15
 V. Brady Violation.
 
 
 16
 Klade contends that the district court abused its discretion by denying his motion for new trial for Brady violations. Klade actually did not bring a motion for new trial for Brady violations, but rather for government misconduct in presenting perjured testimony. When the defendant raises an issue on appeal that was not raised before the district court, this court may review for plain error. United States v. Dischner, 974 F.2d 1502, 151 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993). "A plain error is a highly prejudicial error affecting substantial rights." United States v. Ortiz-Lopez, 24 F.3d 53, 55 (9th Cir.1994).
 
 
 17
 Under Brady, a violation occurs when the government withholds material, exculpatory evidence. United States v. Manning, 56 F.3d 1188, 1198 (9th Cir.1995). Klade contends that the government untimely disclosed conflicting testimony between FBI special agents and Navajo criminal investigators that would have shown that his confessions were involuntary. There is little discrepancy in the testimonies, defense counsel was able to cross-examine the witnesses, and Klade pointed out the inconsistencies in the testimonies at closing argument. Any prejudice that Klade suffered was cured. See United States v. Woodley, 9 F.3d 774, 777 (9th Cir.1993) (holding that the defendant was not materially prejudiced because he used all of the disputed evidence effectively at trial). There was no highly prejudicial error affecting substantial rights.
 
 
 18
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 ***
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3