**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT WAYNE REDMOND,

Defendant - Appellant.

No. 97-3071
(D. Ct. No. 96-CR-40041)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BRISCOE, and LUCERO, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Robert Wayne Redmond was convicted in the United States District Court for the District of Kansas for firearms violations under 26 U.S.C. § 5861(d) and 18 U.S.C. § 922(g). He now appeals, asserting that the district

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court improperly denied his motion to suppress statements obtained before the police had read him his Miranda warnings; specifically, he argues that the court erred in applying the public safety exception to Miranda. Mr. Redmond also contends that the government did not present evidence sufficient to satisfy the interstate commerce element of the § 922(g) charge. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm on both counts.

## Background

On April 9, 1996, the Topeka Police Department received a report of a suspicious man lingering outside a Conoco station, apparently counting customers. Officer Patrick McLaughlin was dispatched to the scene. He did not observe the suspect but was approached by an individual who said he had observed a man who matched the reported man's description running away from the area. This witness stated that the man appeared to have a weapon tucked in his waistband. Officer McLaughlin then received a radio report that another police unit had spotted the subject and was in pursuit. As he drove toward the reported location, he received a report that shots had been fired. After pursuing the individual on foot and in their vehicles along Interstate 70 and through a residential area, officers finally apprehended the suspect, defendant Robert Wayne Redmond. The officers searched him but found no weapon. Without advising him of his Miranda rights, Officer McLaughlin asked the defendant

2

where the gun was, repeating the question several times until defendant responded that the weapon was down by the highway or turnpike. Officer McLaughlin also asked him what color the gun was, and defendant answered that it was brown. Police found a sawed-off single barreled shotgun in the grass near where defendant had crossed the highway. See United States v. Redmond, No. 96-40041-01-SAC, 1996 WL 509627 at *1-*2 (D. Kan. Aug. 15, 1996).

## Discussion

**1.    Motion to Suppress**

Mr. Redmond first argues that the district court improperly denied his motion to suppress his statements about the gun. On appeal from a motion to suppress, we accept the factual findings of the district court unless clearly erroneous. See United States v. Botero-Ospina, 71 F.3d 783, 785 (10th Cir. 1995) (en banc), cert. denied, 116 S. Ct. 2529 (1996). The issue of whether the facts support an exception to the Miranda requirement is a question of law that we review de novo. See United States v. Baez-Acuna, 54 F.3d 634, 636 (10th Cir. 1995).

In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court set forth the general rule that law enforcement officers must inform an individual in custody of his right to remain silent and his right to counsel before commencing interrogation. See id. at 467-73. The court must exclude evidence obtained in

3

violation of this rule. See id. at 476. Since Miranda, however, the Court has enumerated various exceptions to the rule. In New York v. Quarles, 467 U.S. 649 (1984), the Court held that police officers do not need to recite Miranda warnings prior to questioning when they "ask questions reasonably prompted by a concern for the public safety." Id. at 656. The court should not look at the subjective motivation of the individual officer, but must examine whether the facts gave rise to an objective belief that the public safety was threatened by an "immediate danger." See id. at 655-56, 659 n.8.

We find that the facts in this case supported an objectively reasonable belief of an immediate threat to the public safety. First, there was evidence that the defendant had been carrying a weapon that he had discarded during the pursuit. An individual who had witnessed the defendant leaving the area of the Conoco station had reported to Officer McLaughlin that the defendant appeared to have a weapon, and one of the officers participating in the chase reported hearing shots fired while he was pursuing the defendant, but the officers did not find a weapon when they searched the defendant. Furthermore, the surrounding circumstances demonstrated that the unretrieved weapon posed an immediate danger to the public. The areas surrounding the path of the chase included a residential area and a heavily traveled interstate highway. In addition, Officer McLaughlin had observed juveniles near the chase route. Under the totality of

4

these circumstances, Officer McLaughlin reasonably perceived an immediate threat to the public safety such that he was justified in questioning the defendant about the location of the gun before reciting his <u>Miranda</u> rights.

**2.    Interstate Commerce Element**

Mr. Redmond next contends that there was insufficient admissible evidence to prove the interstate commerce element of the § 922(g) offense. Questions about the sufficiency of the evidence in a criminal case are reviewed <u>de novo</u> by this court. See <u>United States v. Chavez-Palacios</u>, 30 F.3d 1290, 1294 (10th Cir. 1994). "We review the sufficiency of the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Jones</u>, 44 F.3d 860, 864 (10th Cir. 1995). Reversal is warranted only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See <u>United States v. Wacker</u>, 72 F.3d 1453, 1462-63 (10th Cir. 1995), <u>cert. denied</u>, 117 S. Ct. 136 (1996).

Section 922(g) requires that the firearm in question must have been shipped or transported in interstate or foreign commerce. See 18 U.S.C. § 922(g). The relationship of the gun to interstate commerce need only be minimal, <u>see</u> <u>Scarborough v. United States</u>, 431 U.S. 563, 575 (1977), and proof that a firearm was manufactured outside of the state where the possession occurred is sufficient

to support a finding that the possession was in or affected interstate commerce, see United States v. Gourley, 835 F.2d 249, 251 (10th Cir. 1987); see also United States v. Farnsworth, 92 F.3d 1001, 1006 (10th Cir. 1996) (holding that Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995), did not change the minimal level of proof required for the § 922(g) interstate commerce element), cert. denied, 117 S. Ct. 596 (1996).

In this case, the jury heard testimony from Agent Paul Marquardt of the federal Bureau of Alcohol, Tobacco, and Firearms (ATF) that the gun was stamped with the marking "J. Stevens Arms Company, Chicopee Falls, Massachusetts, U.S.A." Agent Marquardt testified that this marking indicated the place of manufacture, and also testified that the J. Stevens Arms Company had never manufactured weapons in the state of Kansas. We find that the inscription on the gun, combined with the testimony of the ATF agent, constitutes sufficient evidence from which a rational trier of fact could infer that the gun had traveled in interstate commerce. See United States v. Coleman, 22 F.3d 126, 130-31 (7th Cir. 1994) (inscription reading "Stevens Savage Arms Corporation, Chicopee Falls, Mass U.S.A.," combined with ATF agent testimony, was sufficient to show gun had traveled in interstate commerce, despite defendant's argument that marking might only represent manufacturer's home office); United States v. Alvarez, 972 F.2d 1000, 1002-03 (9th Cir. 1992) (per curiam) (inscription reading

6

"Garnika, Spain," on firearm, combined with ATF agent testimony, proved that weapon had traveled in interstate or foreign commerce).

The defendant argues that the agent was not qualified as an expert under Federal Rule of Evidence 701 or 702, and hence he should not have been allowed to give his opinion regarding the place of the gun's manufacture or state his belief that the J. Stevens Arms Company had never manufactured guns in Kansas. Rule 702 permits expert testimony, and Rule 703 allows experts to express opinions based on facts of which they do not have personal knowledge. Mr. Redmond argues that if the district court did not admit Agent Marquardt's testimony as expert testimony under Rules 702 and 703, the testimony must be considered under Rule 602, which provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." He contends the government introduced no evidence to support a finding that Agent Marquardt had personal knowledge of whether J. Stevens Arms Company had ever manufactured shotguns in Kansas. According to the defendant, the district court therefore erred in admitting Agent Marquardt's testimony to that effect.

Mr. Redmond failed to object to or challenge Agent Marquardt's qualifications at trial; therefore, we review the admission of Marquardt's testimony only for plain error. See United States v. Thody, 978 F.2d 625, 631

(10th Cir. 1992). We find no error here. The defendant's argument assumes that the district court must explicitly find that a witness qualifies as an expert before the witness can testify as an expert. However, the court's failure to explicitly qualify Agent Marquardt as an expert witness did not disqualify him from testifying as an expert. See United States v. Dysart, 705 F.2d 1247, 1250-51 (10th Cir. 1983). Mr. Redmond also asserts the record does not support a post-hoc determination of Agent Marquardt's qualifications as an expert, in that the government did not lay a proper foundation. Rule 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto." Agent Marquardt stated that he had testified on numerous occasions in state and federal court regarding examinations of weapons, and that as part of his duties he determined whether weapons have traveled across state lines. On cross-examination, he stated that he had been an ATF agent for twenty-one years. Acceptance or rejection of an expert witness's qualifications is within the discretion of the trial court, and the court's ruling will not be overturned unless it is an abuse of discretion. See Dysart, 705 F.2d at 1251-52. In view of Marquardt's experience, the court's admission of his testimony was not an abuse of discretion.

For these reasons, we **AFFIRM** defendant's conviction under 26 U.S.C. § 5861(d) and his conviction under 18 U.S.C. § 922(g).

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge