NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50075 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-03419-JAH-1 |
| v. | |
| HECTOR MANUEL CARREON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted November 3, 2015
Pasadena, California

Before: SCHROEDER, PREGERSON, and FRIEDLAND, Circuit Judges.

Hector Manuel Carreon was convicted of production of child pornography in

violation of 18 U.S.C. § 2251(a); attempted production of child pornography in

violation of 18 U.S.C. § 2251(a); receipt of child pornography in violation of 18

U.S.C. § 2252(a)(2); and three counts of possession of child pornography in

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

violation of 18 U.S.C. § 2252(a)(4)(B).  He appeals the district court's denial of his motion to suppress statements from an in-home interview, the sufficiency of the evidence to support two of his convictions, and various aspects of his 50-year sentence.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

1.  Whether a defendant was "in custody" for purposes of *Miranda* is reviewed de novo.  *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002).  The voluntariness of statements to police is also reviewed de novo.  *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003).

Even assuming that Carreon was in custody for purposes of *Miranda* or that his statements were involuntary and the district court erred in concluding otherwise, any error would be harmless—the admission of the statements did not contribute to the verdict obtained.  *See United States v. Barnes*, 713 F.3d 1200, 1207 (9th Cir. 2013) (per curiam).

The only arguably "incriminating" statements Carreon made during the in-home interview were that he was the sole user of the relevant computers and that he used file-sharing programs such as LimeWire.  Other evidence elicited at trial, however, established the same.  Carreon's wife testified that Carreon was the sole user of the computers.  Carreon's convictions are based on self-recorded videos.  The video forming the basis for the receipt count was found in a "Limewire" folder

2

within a user-created folder entitled "Hector Manuel Carreo" [sic].  As to the possession counts, the illicit files were found in a "Shared" folder created by LimeWire, within a user-created folder called "Hector."  The production and attempted production convictions were based on self-recorded videos that Carreon himself appeared in.  His statements during the in-home interview were thus at most cumulative of other evidence of guilt established at trial.

2.  We review a claim of insufficient evidence de novo.  *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005).  "A conviction is supported by sufficient evidence if, 'viewing the evidence in the light most favorable to the government, a rational trier of fact could conclude that the evidence was adequate to prove guilt beyond a reasonable doubt.'"  *United States v. Whittemore*, 776 F.3d 1074, 1078 (9th Cir. 2015) (quoting *United States v. Barbosa*, 906 F.2d 1366, 1368 (9th Cir. 1990)).

The "Made in China" and "Made in Tokyo" label evidence was sufficient to support the jurisdiction element for counts 1 and 2.  *See United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992) (per curiam) (holding that an inscription on a gun does not constitute hearsay and could be used by the government to show that the gun had been manufactured in Spain), *overruled on other grounds by Kawashima v. Mukasey*, 530 F.3d 1111, 1116 (9th Cir. 2008); *United States v.*

3

*Clawson*, 831 F.2d 909, 913 (9th Cir. 1987) (holding that evidence of a gun's foreign manufacturer is sufficient to support a finding that the gun moved in interstate commerce).

3. The 34-second video was sufficient evidence to support a conviction of attempted production of child pornography. *See* 18 U.S.C. § 2251(a) (criminalizing the use of a minor to engage in sexually explicit conduct for the purposes of making a visual depiction of that conduct); 18 U.S.C. § 2256(2)(A)(iii), (v) (defining "sexually explicit conduct" to include "masturbation" and "lascivious exhibition of the genitals . . . of any person.").

4. The district court's interpretation of the Sentencing Guidelines is reviewed de novo; its application of the Guidelines to the facts of the case is reviewed for abuse of discretion; and its factual findings are reviewed for clear error. *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014).

Under the child pornography sentencing guidelines, "distribution" can be found when the defendant knowingly "used a file-sharing program to download child pornography that, whether knowingly or unknowingly, allowed others access to those files." *Id*. at 908. Carreon knowingly used the file-sharing program LimeWire and did not present any evidence to suggest ignorance of how the program worked. Thus, the district court did not err in applying a 2-level

enhancement under U.S.S.G. § 2G2.3(b)(3)(F) for an offense involving distribution. Likewise, the district court did not err in denying a 2-level reduction under U.S.S.G. § 2G2.2(b)(1) for lack of intent to distribute. *See id*. at 908 n.5 (there is "presumed intent to distribute" when one uses a file-sharing program in the manner previously described).

The district court also did not err when it calculated the offense level for the grouped receipt and possession counts. *See* U.S.S.G. § 3D1.3, cmt. n. 3 ("Determine whether the specific offense characteristics . . . apply based upon the combined offense behavior *taken as a whole*." (emphasis added)).

It was not an abuse of discretion to apply a 5-level enhancement under U.S.S.G. § 2G2.2(b)(5)(F) for a pattern of activity involving the sexual abuse or exploitation of a minor because Carreon's conduct fits squarely within the Guideline note's definition. *See* U.S.S.G. § 2G2.2, cmt. n. 1 ("'Pattern of activity involving the sexual abuse or exploitation of a minor' means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct."). Application of this enhancement did not constitute impermissible double counting because enhancements "may be triggered by the

5

same conduct," and "[a]bsent an instruction to the contrary . . . are to be applied cumulatively." U.S.S.G. § 1B1.1 cmt. n. 4(B); *see also United States v. Smith*, 719 F.3d 1120, 1123-24 (9th Cir. 2013). There is no Guideline instruction to avoid double counting under U.S.S.G. § 2G2.2(b)(5), which appears to contemplate such double counting by specifically citing 18 U.S.C. § 2251(a)—prohibiting production of child pornography—as conduct within its purview, and by stating that the enhancement will apply "whether or not the abuse or exploitation . . . resulted in a conviction." U.S.S.G. § 2G2.2, cmt. n.1.

5. Substantive reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Cherer*, 513 F.3d 1150, 1159 (9th Cir. 2008). We cannot say that the district court abused its discretion in imposing a 50-year sentence.

**AFFIRMED**.